UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JA-RU, INC., a Florida company, | ) |
| Plaintiff, | ) Docket No. |
| - against - | ) |
| | ) **COMPLAINT** |
| FIRST MERCURY INSURANCE COMPANY, and Illinois company. | ) **DECLARATORY RELIEF RE: DUTY TO PERFORM AGREED DEFENSE OBLIGATIONS THROUGH PROMPT PAYMENT OF REASONABLE DEFENSE FEES AND COSTS INCURRED THROUGH JA-RU, INC.'S SELECTED AND PREVIOUSLY APPROVED INDEPENDENT COUNSEL** |
| Defendant. | |

1

Plaintiff Ja-Ru, Inc.. ("Ja-Ru.") files this Complaint against Defendant First Mercury Insurance Company ("Mercury") seeking declaratory relief and damages as well as a claim for breach of contract based on a dispute between Plaintiff Ja-Ru and Defendant Mercury concerning insurance coverage for the underlying lawsuit captioned *Lanard Toys, Ltd. v. Toys 'R' Us, Inc., et al.,* Docket No. 2:14-cv-01939-SDW-MCA (D.N.J.) (the "*Lanard Action*"), filed on March 27, 2014.

## THE PARTIES

1. Plaintiff, Ja-Ru, manufactures, sells, and imports toys in the United States and worldwide, including in New York. Ja-Ru is a Florida company with its principal place of business in Jacksonville, Florida.

2. On information and belief, Mercury is an Illinois company with its principal place of business in Southfield, Missouri.

## JURISDICTION

3. This is a civil action in which Ja-Ru seeks declaratory relief under 28 U.S.C. § 2201, in addition to damages and other relief.

4. This Court has diversity jurisdiction over this civil action under 28 U.S.C. § 1332 in that Ja-Ru is a Florida corporation with its principal place of business in Florida, and Defendant Mercury is an Illinois corporation with its principal place of business in Michigan.

5. The amount in controversy exceeds $75,000.00, exclusive of interests and costs, comprising reasonable expenses that Ja-Ru has incurred and continues to incur in defending the *Lanard Action*, in that unpaid fees incurred by Ja-Ru's defense counsel of over $270,000 remain unpaid and are presently due and owing by Mercury.

## VENUE AND APPLICABLE LAW

6. Venue is proper in this District under 28 U.S.C. §1391[b][1] and [c][2] because Mercury "resides" in this District within the meaning of the Federal Rules of Civil Procedure. Mercury is authorized to, and does, sell insurance policies for substantial premiums in this District, and is subject to personal jurisdiction in this District. Upon information and belief,

1

Mercury has defended lawsuits in New York, including in this District.

6. Venue is also proper in this District under 28 U.S.C. §1391[b][2], because a substantial part of the errors and omissions giving rise to the claim occurred in this District for the following reasons:

   a. Mercury's Policies covered Ja-Ru's operations in New York, including in this District.

   b. Mercury is authorized to, and does, sell insurance policies in New York, including in this District, and is subject to personal jurisdiction in this District.

   c. Mercury has conceded that it sold and delivered the operable insurance policies to Ja-Ru in this District.

   d. This District is the location of Mercury's broker and the last act for sale of Mercury's policy to Ja-Ru. Mercury's counsel has expressed in writing that New York law applies to this matter.

## THE MERCURY POLICY

7. Mercury sold two policies to Ja-Ru (the "Mercury Policies")

8. Mercury's Policy No. QU000007797, effective June 1, 2011 to June 1, 2012 ("2011-2012 Policy") and Policy No. NY-CGL-0000010749-01, effective June 1, 2012 to June 1, 2013 ("2012-2013 Policy") were written in relevant part on policy form no. CG 21 35 (10/01) and CG 00 01 (12/07), respectively. Under the Mercury Policies, Ja-Ru had limits of insurance of $1,000,000.00, per occurrence, a $1,000,000.00 personal and advertising injury limit and $2,000,000.00 in the aggregate. A copy of the 2012-2013 Policy is attached as **Exhibit 1.**

9. The Mercury Policies provide coverage for "personal and advertising injury" caused by an offense committed during the policy period. The Mercury Policies promise a defense of suits that potentially seek damages caused by "personal and advertising injury."

## THE UNDERLYING *LANARD ACTION*

10. The *Lanard Action* was filed on March 27, 2014. A copy of the Complaint in the

*Lanard Action* is attached hereto as **Exhibit 2.** The *Lanard Action* Complaint alleges that Ja-Ru allegedly infringed Lanard's trade dress, copyright, and trademark and that Ja-Ru allegedly engaged in common law unfair competition. Lanard alleged that Ja-Ru has been and will continue to infringe upon Lanard's copyright, trade dress, and patent rights by selling, marketing, and distributing a chalk pencil toy manufactured by Ja-Ru.

11. Ja-Ru has denied and defended against the allegations in the Complaint in the *Lanard Action* and strongly contests the substantive underlying allegations. Ja-Ru expressly denies the allegations against it in the underlying *Lanard Action*. Nevertheless, the *Lanard Action* alleges activity on the part of Ja-Ru that creates a potential for coverage under the Mercury Policies' "personal and advertising injury" coverage. Mercury's duty to defend extends to false, frivolous, or groundless suits, as Ja-Ru believes the underlying suit to be.

12. Ja-Ru does not, by this Complaint or by reference to underlying allegations or inferences drawn from them, or observations about the potential for amendment, admit the truth of any of the underlying allegations. Ja-Ru discusses the alleged underlying conduct, as well as the inferences drawn therefrom, and the potential allegations that could be made upon amendment, only to demonstrate that they create a potential for insurance coverage by Mercury. Mercury's duty to defend Ja-Ru is based on the allegations made against Ja-Ru, and inferences arising from such allegations, and Ja-Ru does not concede the truth of any such allegations or inferences. The allegations and inferences show a potential for coverage, thereby triggering Mercury's duty to defend.

### JA-RU'S NOTICE OF THE *LANARD ACTION* TO MERCURY

13. Ja-Ru satisfied the notice provisions of the Mercury policies by providing written notice and copies of the Complaint in the *Lanard Action* to Mercury, and, on April 21, 2014, requesting that Mercury defend Ja-Ru and reimburse it for reasonable defense expenses incurred, as required by Mercury's duty to defend.

14. On June 27, 2014, Mercury sent Ja-Ru a letter in which it agreed to defend Ja-Ru

in the *Lanard Action* under the Mercury Policies "subject to the foregoing reservation of rights, as well as exhaustion of the Mercury Policies' $50,000 self insured retention . . . ." Mercury therefore recognized Ja-Ru's rights to retain independent counsel to defend its interests.

## MERCURY'S BREACH OF DEFENSE OBLIGATIONS

15. On June 27, 2014, Mercury agreed to pay for the defense of the *Lanard Action*, subject to a reservation of rights, but to this date has issued only partial payment for defense expenses incurred.

16. On October 2, 2015, Ja-Ru, through counsel, submitted additional invoices for legal expenses incurred in defending the *Lanard Action* to Mercury. To date, those invoices remain unpaid.

17. On November 6, 2015, Ja-Ru, through counsel, submitted additional invoices for legal expenses incurred in defending the *Lanard Action* to Mercury. To date, those invoices remain unpaid.

18. On December 14, 2015, Ja-Ru, through counsel, submitted additional invoices for legal expenses incurred in defending the *Lanard Action* to Mercury. To date, those invoices remain unpaid.

19. On January 27, 2016, Ja-Ru, through counsel, submitted additional invoices for legal expenses incurred in defending the *Lanard Action* to Mercury. To date, those invoices remain unpaid.

20. On February 17, 2016, Mercury, through counsel, sent correspondence indicating it will now "process" only one-third (1/3) of the late outstanding invoices.

21. Mercury breached its duty to perform its defense obligations by not paying any defense invoices for a period of many months, and arbitrarily taking a position that only one-third of all defense invoices will be paid going forward. It thereby ignored salient legal authority from this Court that requires an insurer to reimburse the defense fees and costs of its policyholder, Ja-Ru, where Ja-Ru is obligated to indemnify the retailers (Toys 'R' Us & Dollar General) who advertise for sale and sell the alleged infringing goods. The same defense counsel

represents all parties, and no distinct legal fess are required to defend the retailers from those incurred on behalf of Ja-Ru.

22. Mercury's failure and refusal to pay all reasonable and necessary expenses incurred in defending the *Lanard Action* improperly required Ja-Ru to pay or incur the balance of the defense expenses.

## CAUSE OF ACTION

**For Declaratory Relief: Duty to Perform Agreed Defense Obligation through Prompt Payment of Reasonable Fees and Costs Incurred by Ja-Ru's Selected Independent Counsel**

23. Ja-Ru repeats the prior allegations of this Complaint.

24. A valid contract existed between Ja-Ru and Mercury namely, the Mercury Policies.

25. Ja-Ru fully performed all of its obligations and conditions under the Mercury Policies or has been excused from performing because of Mercury's breach of its duties.

26. Under the Mercury Policies, Mercury agreed to provide a defense to its policyholder in suits seeking damages for offenses as defined in the Policies.

27. The underlying *Lanard Action* makes allegations potentially implicating coverage under the Mercury Policies thereby triggering Mercury's obligation to defend Ja-Ru in the *Lanard Action*.

28. Although Mercury agreed to provide a defense to Ja-Ru subject to a reservation of rights, it has wrongfully denied prompt, immediate, and complete payment of reasonable and necessary defense expenses.

29. An actual, bona fide controversy therefore exists between Ja-Ru and Mercury that requires judicial declaration by this Court of the parties' rights and duties regarding Mercury's duty to defend Ja-Ru in the *Lanard Action*, and a determination of the amount of reasonable and necessary defense expenses owed by Mercury.

30. By this action, Ja-Ru seeks a reimbursement of all reasonable and necessary defense expenses owed by Mercury, and prejudgment interest from the date of each late paid

invoice for defense fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Ja-Ru requests the entry of judgment against Mercury as follows:

1. A judicial declaration that Mercury was obligated to provide Ja-Ru a prompt, immediate, and complete defense in the *Lanard Action*.

3. A judicial declaration that Mercury breached its defense obligations to Ja-Ru by wrongfully denying prompt, immediate, and complete payment of reasonable and necessary defense expenses.

5. Injunctive relief under applicable New York law requiring the immediate payment of defense fees and costs billed to Ja-Ru and forwarded to Mercury for immediate payment.

6. A determination and an award of general damages consisting of all reasonable defense expenses incurred by Ja-Ru in defense of the *Lanard Action* and due from Mercury.

7. An award of prejudgment interest accruing from the date of each unpaid or late-paid defense invoice at the statutory rate of 9% per annum pursuant to applicable New York law.

8. An award of costs of suit.

9. Other and further relief as this court may deem just and proper.


Dated: March 17, 2016                     Respectfully submitted,


                                              **THE KILLIAN FIRM, P.C.**
Eugene Killian, Jr, [EK-9972]
555 Route 1 South
Suite 430
Iselin, NJ  08830

ekillian@tkfpc.com

*Attorneys for Plaintiff Ja-Ru, Inc.*